UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ISAAC MIKE ABERGEL,

                Plaintiff,

        - against -

RESORTS WORLD CASINO,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-4096 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On June 27, 2019, *pro se* Plaintiff Isaac Mike Abergel ("Plaintiff") commenced this *in forma pauperis* action (Dkt. 1) against Defendant Robert World Casino ("Defendant"), seeking damages against Defendant for its alleged failure to pay Plaintiff in exchange for his winning lottery ticket (*see generally* Complaint ("Compl."), Dkt. 2). By order dated July 8, 2019, the action was transferred from the United States District Court for the Southern District of New York to this Court. (Dkt. 3.) For the reasons that follow, the Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint.

## BACKGROUND

According to the complaint, the truth of which is assumed for the purposes of this Memorandum and Order, Plaintiff seeks damages of ten billion dollars based on the following facts:

> Resorts World Casino was contacted by me about my winning lottery ticket asked them over the phone if they can cash it and they set me up to get scammed and the cashier cage committed fraud to steal my winning $500,000 prize and told me sorry ticket not winner when it was the winning ticket. The lady at the cashier took all my info scanned my ticket and didn't give me my money. FRAUD, identity theft, scam, aiding and abetting fraud violation of casino business laws.

(Compl., at 4.)

1

# DISCUSSION

## I. Legal Standard

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Because *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, the Court reads a plaintiff's *pro se* complaint liberally, interpreting it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, the Court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. Subject Matter Jurisdiction

The Court must have subject matter jurisdiction over the case to proceed. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C.

§ 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Moore v. Angiuli & Gentile, LLP*, No. 12-CV-2966 (DLI) (LB), 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party, or by the Court on its own motion. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009); Fed. R. Civ. P. 12(h)(3).

Applying this standard, the Court concludes that it cannot exercise subject matter jurisdiction over the complaint in its current form. In the portion of the standard form complaint establishing the basis for jurisdiction, Plaintiff erroneously suggests that this Court exercises federal question jurisdiction over this matter. (*See* Compl., at 3.) But even after liberally construing Plaintiff's *pro se* complaint, the Court is unable to discern any factual allegations that credibly suggest the existence of a "colorable federal claim" on the basis of federal question jurisdiction. *Cf. Chestnut v. Wells Fargo Bank, N.A.*, No. 1l-CV-5369, 2012 WL 601785 (JS) (ARL), at *3 (E.D.N.Y. Feb. 22, 2012). Rather, Plaintiff's claims concern fraud, which sounds in state—not federal—law. *See Holtzman v. Anti-Defamation League of B'Nai B'Rith*, No. 02-CV-1338 (DLC), 2002 WL 1870133, at *1 (S.D.N.Y. Aug. 14, 2002) (noting that there is no "federal claim for generalized bias, fraud, negligence, or 'entrapment'"). The Court may not alternatively exercise diversity jurisdiction over this complaint. On its face, the complaint does not adequately allege diversity of citizenship, as it states that both Plaintiff and Defendant are located in New

3

York. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States'" (quoting 28 U.S.C. § 1332)). Therefore, the complaint must be dismissed because Plaintiff fails to state a claim that would confer jurisdiction upon this Court pursuant to federal question or diversity jurisdiction. *Manway Constr. Co., Inc. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503–04 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Ordinarily the Court would allow Plaintiff an opportunity to amend his pleading, *Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), but such an opportunity is not warranted in this case, as it is clear from the face of the complaint that any such amendment would be futile and would not invoke the Court's subject matter jurisdiction. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (holding that a district court need not grant a *pro se* plaintiff leave to amend where "amendment would be futile").

## CONCLUSION

Accordingly, the instant *pro se* complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), because Plaintiff fails to state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

4

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 13, 2019
       Brooklyn, New York